PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>APPROXIMATELY $89,980.00 IN U.S. CURRENCY,<br><br>                Defendant. | 2:16-MC-00157-MCE-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On or about January 15, 2016, officers with the California Highway Patrol ("CHP") seized Approximately $89,980.00 in U.S. Currency (hereafter the "defendant currency").  The Drug Enforcement Administration ("DEA") adopted the seizure for federal forfeiture and obtained a federal seizure warrant on April 15, 2016.

2.      The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about June 29, 2016, the DEA received a claim from Nicholas Kenneth Maddaloni ("Maddaloni") asserting an ownership interest in the defendant currency.

3.      Claimants do not dispute the United States' representation that it could show at a forfeiture trial the following: On January 15, 2016, the CHP received a call from dispatch to assist a unit from the Office of Emergency Services ("OES") who had initiated a traffic stop on a gray, 2015

Chevrolet Yukon SUV rental vehicle.  The traffic stop took place near the intersection of Calvine Road and Vineyard Road in Elk Grove, California, after the OES traffic unit observed the Chevy Yukon depart its lane of travel and veer into oncoming traffic.  The driver of the vehicle was identified as Maddaloni and the passenger of the vehicle was identified as Danny Cevallos ("Cevallos").  Maddaloni provided a driver's license from the state of New York.  Cevallos provided identification from the state of New York.

4. Claimants do not dispute the United States' representation that it could show at a forfeiture trial that upon approaching the vehicle, officers were able to smell the overwhelming odor of marijuana emanating from the vehicle's interior.  When asked about the odor of marijuana, Maddaloni and Cevallos indicated that there were three marijuana joints concealed behind the vehicle's dashboard display screen.  Maddaloni also indicated that there was a Mason jar containing marijuana located in a black, "Givenchy" brand backpack in the backseat.  After learning about the marijuana in separate locations inside the car, officers asked Maddaloni and Cevallos to exit the vehicle and asked the pair if there was any other contraband in the Chevy Yukon besides the marijuana joints and Mason jar of marijuana.  Maddaloni responded in the negative.  Officers then searched the Chevy Yukon and found the marijuana joints and Mason jar of marijuana.  Officers also identified a "Louis-Vuitton" brand bag in close proximity to the backpack containing the Mason jar of marijuana.  Inside the Louis-Vuitton bag and concealed in between layers of men's clothing, officers identified two vacuum-sealed bags containing bulk cash.  The cash was bound by rubber bands inside the gallon sized bags and comprised of 2,249 $20 bills, 28 $50 bills and 400 $100 bills.  Officers also located a small drawstring bag containing a bundle of cash.  In total, officers seized $89,980.00 in cash from the interior of the Chevy Yukon.

5. Claimants do not dispute the United States' representation that it could show at a forfeiture trial that the defendant currency was presented to a drug-detection dog who positively alerted to the smell of narcotics in three separate areas of the vehicle; and separately the heat-sealed bundles of cash found inside the Louis-Vuitton bag.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimants Maddaloni and Cevallos specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Nicholas Kenneth Maddaloni acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $44,990.00 of the Approximately $89,980.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $44,990.00 of the Approximately $89,980.00 in U.S. Currency shall be returned to claimant Nicholas Kenneth Maddaloni through his attorney Christopher J. Cassar.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and

final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

     5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

     6. All parties will bear their own costs and attorney's fees.

     7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

     IT IS SO ORDERED

Dated:  November 2, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE